IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JAKE LANTZ, | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| vs. | ]    Case No: 2:17-cv-00024 |
| | ] |
| VANDERPOOL CONSTRUCTION AND ROOFING, INC., | ] |
| | ] |
| **Defendant.** | ] |

## COMPLAINT

Comes now the Plaintiff, Jake Lantz, by and through counsel and for cause of action, will respectfully show to the Court as follows:

### NATURE OF SUIT

1. The Fair Labor Standards Act was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and a one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944)(discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay Plaintiff the required minimum wage rate under the FLSA and at time and one-half his regular rate of pay for all hours worked within a workweek in excess of forty hours. This is an action under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. (hereinafter the "Fair Labor Standards Act" or "FLSA").

Plaintiff seeks payment for unpaid overtime work and liquidated damages that he was deprived of due to Defendant's violations of the Fair Labor Standards Act.

## JURISDICTION and VENUE

3. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331 (federal question).

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391 because Defendant operates in this district, Plaintiff worked in this district for Defendant, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

5. Plaintiff, Jake Lantz, is a former employee of Vanderpool Construction and Roofing, Inc.

6. Plaintiff was an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

7. The Defendant, Vanderpool Construction and Roofing, Inc., is an employer within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

8. Defendant Employer comprises an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act 29 U.S.C. § 203(e)(1).

9. Defendant has done in excess of $500,000.00 in annual dollar volume of business in the past twelve months.

10. The Plaintiff is engaged in interstate commerce, the production of goods for interstate commerce, or an activity which is closely related and directly essential to the production of such goods in each workweek of his employ with Defendant.

## FACTUAL ALLEGATIONS

11. Plaintiff is a resident of the State of Virginia, residing in Scott County.

12. Defendant Employer is a roofing and construction company.

13. Plaintiff was employed by Defendant Employer as a roofer/laborer from February 2016 through September 2016.

14. Plaintiff's primary duties consisted of: maintaining, replacing, repairing and installing the roofs of buildings.

15. Plaintiff was paid at a rate of $16.00 per hour.

16. Plaintiff routinely worked in excess of forty (40) hours per week.

17. Plaintiff was not paid an additional overtime wage for hours worked in excess of forty (40) hours in each work week.

18. Plaintiff's job duties did not fit under any exception to the overtime pay provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

19. Plaintiff did not supervise any other employees.

20. Plaintiff did not have authority to handle any employee grievances or complaints.

21. Plaintiff did not have authority to interpret, implement, or enforce company policies.

22. Plaintiff did not make more than $100,000.00 annually.

23. Plaintiff's job duties did not involve the exercise of discretion or independent judgment with respect to matters of significance.

24. Plaintiff was not allowed to make any decisions regarding monies collected or spent on behalf of Defendant.

25. Plaintiff did not have authority to bind the company contractually with any party.

26. Plaintiff's job duties did not require knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

27. Plaintiff's job duties did not require invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

28. Plaintiff did not possess, nor did the position require, an advanced degree.

29. Defendant did not pay Plaintiff the required overtime premium pay of one and one-half (1.5) times his regular rate of pay for any hours worked in excess of forty (40) per workweek during the relevant time period.

30. Defendant failed to maintain accurate records of the time Plaintiff spent working.

31. The Defendant willfully failed to comply with the maximum hour provisions of the Fair Labor Standards Act 29 U.S.C. § 207, by failing to pay any overtime for any of the overtime hours worked by the Plaintiff.

## **COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

32. Plaintiff hereby re-alleges paragraphs 1 through 31 as though fully set forth herein.

33. Defendant willfully failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate for all hours worked in excess of 40 hours for the entire time he worked for Defendant.

34. Defendant further willfully failed to maintain records of all compensable work time subjecting them to further penalty under 29 U.S.C. § 216(b).

35. Defendant, by such failure, willfully violated the overtime provisions of the Fair Labor Standards Act 29 U.S.C. § 207.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) All amounts of wages, including overtime, that Plaintiff should have received under the Fair Labor Standards Act but for Defendant's willful violation of his rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

(2) All reasonable costs, interest and attorney's fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

(3) Any such other legal relief as may be appropriate or to which they may be entitled under federal or state law.

Respectfully Submitted,

**THE EMPLOYMENT AND CONSUMER LAW GROUP,**

**/s/ A. RYAN SIMMONS**
**A. RYAN SIMMONS, BPR No. 31456**
**JONATHAN A. STREET, BPR No. 021712**
Attorneys for Plaintiff
525 4th Avenue South
Nashville, TN 37210
(615) 353-0930